UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIP DUNLAP and MARILYN DUNLAP,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF NOOKSACK,<br><br>    Defendant. | No. C06-364P<br><br>ORDER DISMISSING FEDERAL CLAIM, DECLINING SUPPLEMENTAL JURISDICTION OVER STATE-LAW CLAIMS, AND REMANDING CASE TO STATE COURT |

This action was removed to federal court by Defendant based on Plaintiffs' allegation of a claim under 42 U.S.C. § 1983. On February 15, 2007, the Court issued an order to show cause: (1) why the Court should not dismiss Plaintiffs' federal claim under Section 1983 as unripe; and (2) why the Court should not remand Plaintiffs' remaining state-law claims to Whatcom County Superior Court. Plaintiffs submitted a response to the order to show cause, while Defendant did not. Having reviewed Plaintiffs' response, the Court finds and ORDERS as follows:

(1) The Section 1983 claim set forth in Plaintiffs' complaint is DISMISSED without prejudice as unripe. Although Plaintiffs suggest that they may have additional claims under Section 1983, their complaint does not provide fair notice of such claims and the Court declines to grant Plaintiffs leave to amend their complaint.

ORDER - 1

(2) The Court declines to exercise supplemental jurisdiction over the remaining state-law claims in this matter.

(3) This case is REMANDED to Whatcom County Superior Court.

The reasons for the Court's order are set forth below.

**Background**

In its order to show cause, the Court set forth the background of this case and a number of other cases involving the parties. Proceeding through counsel, Plaintiffs Kip and Marilyn Dunlap filed this action against the City of Nooksack in Whatcom County Superior Court on February 21, 2006, raising claims for: (1) inverse condemnation under Washington law; (2) malicious prosecution under Washington law; (3) a writ of mandamus under Washington law; and (4) a claim under 42 U.S.C. § 1983. This case was the latest in a series of actions that Plaintiffs had filed against Defendant in Washington state court regarding property disputes. In large part, Plaintiffs' complaint turns on the City of Nooksack's decision in 2002 to vacate a portion of West Third Street abutting a large parcel owned by Plaintiffs. Based on Plaintiffs' assertion of a federal claim under 42 U.S.C. § 1983, Defendant removed the case to this Court on March 15, 2006.

Defendant moved for summary judgment. After reviewing the briefing on Defendant's summary judgment motion, as well as the balance of the record in this case, the Court issued an order to show cause why Plaintiffs' federal claim should not be dismissed as unripe and why the Court should not decline to exercise supplemental jurisdiction over the remaining state-law claims.

**Analysis**

1. Section 1983 Claim

   A. Court's Order to Show Cause

In the order to show cause, the Court noted that the parties had devoted little attention to Plaintiffs' Section 1983 claim in their briefing on Defendant's motion for summary judgment. Defendant's motion merged its analysis of Plaintiffs' Section 1983 claim with its analysis of Plaintiffs'

ORDER - 2

state-law inverse condemnation claim, essentially contending that both claims turn on the issue of whether Plaintiffs have adequate access to their property following the partial vacation of West Third Street. Similarly, Plaintiffs provided little discussion of their Section 1983 claim in their response to Defendant's summary judgment motion, aside from arguing that this claim is not barred by the doctrines of collateral estoppel or res judicata. However, Defendant had not contended in its opening brief that Plaintiffs' Section 1983 claim was barred by these doctrines.

Based on its review of the parties' summary judgment briefs, as well as its review of Plaintiffs' complaint and the balance of the record, the Court found that there were serious questions as to whether Plaintiffs' Section 1983 claim was ripe for review. It appeared that Plaintiffs were attempting to assert a federal claim based on the Takings Clause of the Fifth Amendment to the United States Constitution. While a federal takings claim may be brought under Section 1983, the Court noted that "[a] federal takings claim is not ripe until a litigant has '[sought] compensation through the procedures the State has provided for doing so,'" such as a state inverse condemnation proceeding. Spoklie v. Montana, 411 F.3d 1051, 1057 (9th Cir. 2005) (quoting Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 194 (1985)). Because Plaintiffs had not satisfied that requirement, it appeared to the Court that their federal takings claim was unripe and subject to dismissal without prejudice.

The Court also noted that Plaintiffs' complaint referred to alleged violations of their due process rights. However, the Court observed that under Ninth Circuit law, "substantive due process claims based on governmental interference with property rights are foreclosed by the Fifth Amendment's Takings Clause." Squaw Valley Dev. Co. v. Goldberg, 375 F.3d 936, 949 (9th Cir. 2004). This "blanket prohibition applies even to a disguised takings claim." Id. As a result, the Court indicated that Ninth Circuit law would prohibit Plaintiffs from maintaining a substantive due process claim based on the City of Nooksack's alleged interference with their property rights.

ORDER - 3

Finally, the Court noted that while Plaintiffs' complaint also includes a general allegation regarding violations of equal protection (see Complaint ¶ 2.1), the Court observed that "neither side discusses an equal protection claim in the briefing on Defendant's motion for summary judgment, leaving the Court with little basis to conclude that Plaintiffs intend to maintain a federal equal protection claim." The Court also indicated that the allegations in Plaintiffs' complaint were not sufficient to state a claim for an equal protection violation, since there was no allegation that Plaintiffs had been treated differently than similarly-situated individuals. See Mliknotin v. City of Los Angeles, 643 F.2d 652, 654 (9th Cir. 1981) (upholding dismissal of Equal Protection claim where complaint "does not allege the unequal treatment of persons similarly situated which would be the gravamen of a complaint for denial of equal protection.").

Therefore, the Court directed the parties to show cause why Plaintiffs' federal claim under Section 1983 should not be dismissed without prejudice as unripe.

B.    Response to Show Cause Order

Plaintiffs filed a response to the Court's order to show cause, while Defendant did not. In their response, Plaintiffs acknowledge that their federal takings claim under Section 1983 is unripe. However, Plaintiffs suggest that they have other claims under Section 1983 that are ripe.

Plaintiffs' complaint is subject to the requirements of Fed. R. Civ. P. 8(a). This rule "requires that the allegations in the complaint 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Pickern v. Pier I Imports (U.S.), Inc., 457 F.3d 963, 968 (9th Cir. 2006). Here, the Court finds Plaintiffs' complaint fails to give fair notice of the additional Section 1983 claims that Plaintiffs now suggest that they may have against Defendant.

First, Plaintiffs suggest that they intend to maintain a malicious prosecution claim under Section 1983. However, the Court does not regard Plaintiffs' complaint as providing fair notice of a malicious prosecution claim under Section 1983. Most obviously, Plaintiffs' complaint pleads their Section 1983 claim and their malicious prosecution claim as separate causes of action. Plaintiffs'

ORDER - 4

complaint sets forth four causes of action. The third cause of action is titled "Claim Under 42 U.S.C. 1983." The fourth cause of action is titled "Malicious Prosecution." In light of the fact that Plaintiffs pleaded their Section 1983 claim and their malicious prosecution claim as separate causes of action, Plaintiffs' complaint cannot be reasonably construed as providing fair notice of a malicious prosecution claim under Section 1983, rather than a malicious prosecution claim under Washington state law.[1]

In the Ninth Circuit, "the general rule is that a claim of malicious prosecution is not cognizable under 42 U.S.C. § 1983 if process is available within the state judicial system to provide a remedy." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Washington recognizes a common law cause of action for malicious prosecution. See Clark v. Baines, 150 Wn.2d 905, 911 (2004). To be sure, the Ninth Circuit has held that a malicious prosecution claim may be brought under Section 1983 "when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights." Usher, 828 F.2d at 562. As noted above, however, Plaintiffs' complaint in this case sets forth their malicious prosecution claim as a separate count from their Section 1983 claim. In pleading their malicious prosecution claim in their complaint, Plaintiffs simply allege the five elements of a state-law claim for malicious prosecution (see Baines, 150 Wn.2d at 911), without including an allegation that the alleged malicious prosecution was conducted with intent to deprive Plaintiffs of equal protection or to subject Plaintiffs to a denial of constitutional rights. See Complaint ¶¶ 7.1 - 7.6. It should also be noted that Plaintiffs' response to Defendant's summary judgment motion provided no indication

---

[1] It should also be noted that the parties described this case in their combined joint status report and discovery plan as follows: "Plaintiff Dunlap brings this civil action for damages and declaratory relief arising from the vacation of West Third Street in the City of Nooksack alleging inverse condemnation, violation of 42 U.S.C. 1983; a writ of mandamus requesting that the vacation be reversed, and [a] claim for malicious prosecution." (Dkt. No. 7 at 1). Like the complaint, this report describes Plaintiffs' Section 1983 claim and their malicious prosecution claim as separate causes of action.

ORDER - 5

that Plaintiffs were maintaining a Section 1983 for malicious prosecution, rather than a malicious prosecution claim under Washington state law.

As a result, the complaint does not provide fair notice of a malicious prosecution claim under Section 1983. At most, the complaint may be fairly construed as alleging a malicious prosecution claim under Washington law.

Plaintiffs also indicate that they are "seeking damages for violation of their Fourth Amendment right to be free from unreasonable seizures." (Dkt. No. 28 at 3). However, their complaint makes no mention of the Fourth Amendment or an unreasonable seizure, nor does the Court regard Plaintiffs' complaint as providing fair notice of such a claim. In addition, Plaintiffs' response to Defendant's summary judgment motion makes no mention of a Fourth Amendment claim.

Plaintiffs also appear to suggest that they intend to maintain a substantive due process claim based on Defendant's prosecution of Mr. Dunlap for "public posting of his property." Plaintiffs assert in their response to the order to show cause that:

> [A] plaintiff may bring a substantive due process claim in cases where a regulation might be so arbitrary or irrational as to violate due process. The action that the Plaintiff alleges is arbitrary or irrational is the Defendant's prosecution of Plaintiff under color of law (violation of wetlands ordinance) for the public posting of his property.

(Dkt. No. 28 at 2). This allegation appears to be another way of attempting to state a malicious prosecution claim under Section 1983. Again, however, Plaintiffs' complaint does not provide fair notice of such a claim under Section 1983. And as before, Plaintiffs' response to Defendant's summary judgment motion provided no hint that they intended to maintain a Section 1983 claim based on Defendant's prosecution of Mr. Dunlap for the "public posting" of Plaintiffs' property.

Therefore, the Court finds that Plaintiffs have not shown cause why their Section 1983 claim should not be dismissed without prejudice as unripe. Plaintiffs concede that their federal takings claim is not ripe. Although Plaintiffs suggest in their response to the order to show cause that they have

ORDER - 6

additional Section 1983 claims, the Court finds that Plaintiffs' complaint does not provide fair notice of such claims under Fed. R. Civ. P. 8(a).

To the extent Plaintiffs' response to the order to show cause may be construed as a request for leave to amend their complaint to raise additional claims under Section 1983, the Court declines to grant leave to amend. The scheduling order in this case set a deadline of July 14, 2006 for filing amended pleadings. (Dkt. No. 9). A plaintiff seeking to amend a complaint after the deadline for filing amended pleadings must show good cause for modifying the case schedule. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Plaintiffs have not shown good cause here.

2. Exercise of Supplemental Jurisdiction Over State-Law Claims

Having found that the federal claim set forth in Plaintiffs' complaint is subject to dismissal as unripe, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state-law claims if it has dismissed all claims over which it has original jurisdiction. In determining whether to exercise supplemental jurisdiction over the remaining state-law claims, the Court must consider several factors, including judicial economy, comity, convenience, and fairness. See O'Connor v. State of Nevada, 27 F.3d 357, 363 (9th Cir. 1994). The Supreme Court has noted that "in the usual case in which all federal-law claims are eliminated before trial, the balance of the factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Here, the Court finds that the relevant factors weigh in favor of declining supplemental jurisdiction. In terms of judicial economy, the Whatcom County Superior Court has a long history of adjudicating similar disputes between these parties, while this Court has not devoted substantial resources to this case. Comity interests are also advanced by allowing state courts to resolve state-law disputes. In terms of convenience and fairness to the parties, the Court recognizes that remanding the

ORDER - 7

1  state-law claims to state court may delay the resolution of those claims.  However, Plaintiffs originally

2  chose to file this case in state court and it would not be unfair or inconvenient for Plaintiffs to litigate

3  in the forum they initially chose.  For its part, Defendant has not responded to the Court's order to

4  show cause and has offered no reason why Plaintiffs' remaining state-law claims should not be

5  remanded to state court.  Finally, while the Court recognizes that the parties have expended some

6  resources in federal court in connection with Defendant's motions for summary judgment and to quash

7  depositions, there is no apparent reason why such motions could not be refiled in state court to the

8  extent they are relevant to Plaintiffs' state-law claims.

9       Therefore, the Court will decline to exercise supplemental jurisdiction over the remaining state-

10 law claims.  This case will be remanded to Whatcom County Superior Court.

**Conclusion**

12      For the reasons discussed above and in the Court's February 15, 2007 order to show cause, the

13 Court finds that Plaintiffs' federal claim under 42 U.S.C. § 1983 as set forth in their complaint is

14 subject to dismissal without prejudice as unripe.  To the extent Plaintiffs suggest that they have other

15 Section 1983 claims, the Court finds that Plaintiffs' complaint does not provide fair notice of such

16 claims and the Court declines to grant Plaintiffs leave to amend their complaint.  The Court further

17 declines to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims.  Therefore,

18 the Court REMANDS this case to Whatcom County Superior Court.

19      All pending motions in this matter are hereby STRICKEN as moot and any trial date and

20 pretrial dates previously set are hereby VACATED.

21      The Clerk is directed to send copies of this order to all counsel of record.

22      Dated:   March 21, 2007

23                                     s/Marsha J. Pechman
                                      Marsha J. Pechman
24                                       United States District Judge

25

ORDER - 8